IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Beverly Morris, | ) | |
| | ) | Civil Action No. 6:12-02236-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| John Doe; Electric Insurance Company, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action arises out of injuries sustained during an alleged car theft. The plaintiff, Beverly Morris ("Morris"), alleges that she witnessed John Doe stealing her car, and, in an attempt to stop the theft, climbed partway through the passenger side window. John Doe then pulled away with Morris dangling from the window and, eventually, dragging on the road. At some point, Morris separated from the car and John Doe sped away. As a result of this incident, Morris submitted a claim for uninsured motorist coverage to her insurer, Electric Insurance Company ("Electric"). Electric denied coverage and refused to pay benefits. Morris has brought this action against John Doe for negligence and against Electric for breach of contract. (Dkt. No. 1-1.)

Electric has moved to dismiss Morris's complaint, asserting that she cannot bring this action unless she complies with South Carolina's John Doe Statute, S.C. Code Ann. § 38-77-170. (Dkt. No. 15.) According to Electric, § 38-77-170, requires Morris to produce a witness affidavit because the accident did not involve physical contact. Morris has responded, arguing that she brought the suit under the insurance contract, not the John Doe Statute and that the contract authorizes the suit, even if the statute does not. (Dkt. No. 16.) Electric disagrees and views

1

satisfaction of § 38-77-170 as a condition precedent to any John Doe action in South Carolina. (Dkt. No. 18.) The court has heard oral argument from the parties and decides as follows.

## I. Legal Standard

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

In addition, when interpreting insurance policies, the court "must give policy language its plain, ordinary and popular meaning. Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer." *Diamond State Ins. Co. v. Homestead Indus.*, 318 S.C. 231, 236 (1995). In South Carolina, "[a]n insured may contract for insurance coverage which is greater than that required by statute." *Putnam v. South Carolina Farm Bureau Mut. Ins. Co.*, 323 S.C. 494, 496 (1996). Additionally, a South Carolina insurance contract issued pursuant to statutory law "may give more protection, but not

2

less" than the coverage described in the statute. *Hamrick v. State Farm Mut. Auto. Ins. Co.*, 270 S.C. 176, 179 (1978).

## II. Discussion

South Carolina's John Doe Statute provides that:

If the owner or operator of any motor vehicle which causes bodily injury . . . to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

   (1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all of the circumstances, after its occurrence; [and]

   (2) the injury . . . was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit; ….

S.C. Code Ann. § 38-77-170.

Similarly, the uninsured motorist provision of Morris's policy with Electric states that Electric "will pay damages which an 'insured' is legally entitled to recover from the owner or operator of an 'uninsured motor vehicle'" because of bodily injury sustained by an insured and caused by an accident. The policy goes on to define "uninsured motor vehicle" as a vehicle to which a liability bond or policy does not apply or a:

hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" . . . without hitting:
   a. You or any "family member";
   b. A vehicle which you or any "family member" are "occupying";
   c. "Your covered auto"; or
   d. Any of your property.

In addition, the policy specifies that, "[i]f there is no physical contact with the hit-and-run vehicle the facts of the accident must be corroborated by an affidavit attesting to the truth of the facts of the accident and signed by any eyewitness . . . ."

3

The court agrees with Electric that South Carolina's John Doe statute is meant to be the gateway to recovery in this type of situation. However, the court believes that under Electric's policy, Morris has stated a viable cause of action.[1]

First, the court rejects Electric's argument that Morris is not "legally entitled to recover" under the policy until she satisfies the John Doe Statute. Neither the statute nor the policy defines the phrase "legally entitled to recover." However, employing the plain and ordinary meaning of that phrase, Morris is legally entitled to recover if has a legally cognizable cause of action against John Doe. Here, Morris has sufficiently pled a cause of action in negligence, so, she is potentially legally entitled to recover from John Doe. *See Lawson v. Porter*, 256 S.C. 65, 68 (1971) ("Recovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist.")

Because Morris is legally entitled to recover, the court moves next to the policy's definition of "uninsured motor vehicle." Morris's own car falls under this definition because, at the time of the accident, it was operated by an unknown non-permissive operator, and, therefore, falls outside of Morris's liability coverage.

The court construes the plain language of the policy provision regarding hit-and-run vehicles as covering a vehicle whose (1) operator or owner cannot be identified; *and* (a) which hits you or a family member, a vehicle which you or any family member are occupying, your covered auto, or any of your property; *or* (b) which causes an accident resulting in bodily injury without hitting you or any family member, a vehicle which you or any family member are occupying, your covered auto, or any of your property. Under this reading of the policy, the affidavit requirement for accidents not involving physical contact would only apply to option (b)

---

[1] The court decides merely that Morris's complaint may survive this motion to dismiss; it makes no judgment at this time as to the merits of the case.

above: a car with an unknown owner or operator that causes an accident resulting in bodily injury without hitting anything. This case, however, involves an insured hit by a vehicle with an unknown operator, bringing it under option (a) above, and out of the policy's affidavit requirement.

Although the South Carolina Supreme Court has not addressed similar facts and the John Doe Statute does not provide specific guidance in this case, the court believes that this interpretation of the policy follows the legislative intent of the statute, as expressed by the South Carolina Supreme Court, and brings South Carolina in line with the majority of jurisdictions deciding similar cases.

South Carolina's uninsured motorist laws are meant to "provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist." *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 100 (1973). Thus, the laws are "remedial in nature, enacted for the benefit of injured persons, and [are] to be liberally construed." *Gunnels v. American Liberty Ins. Co.*, 251 S.C. 242, 247 (1968).

Although the South Carolina courts clearly require strict compliance with the John Doe Statute in cases involving unknown defendants, *see, e.g, Collins v. Doe*, 352 S.C. 462 (2002), they balance that requirement against the remedial nature of the uninsured motorist laws. For example, in *Enos v. Doe*, the South Carolina Court of Appeals held that a plaintiff injured when an unknown driver crashed her vehicle while she was passed out in the passenger seat could not maintain an action against her insurer because she could not comply with the John Doe Statute's affidavit requirement. 380 S.C. 295, 313 (Ct. App. 2008). However, in the court's discussion of the history of the John Doe Statute, it recalls that, in *Schmidt*, the South Carolina Supreme Court noted that, while "[t]he uninsured motorist statute does not appear to contemplate single-car

5

accidents," the court does "not believe . . . the legislature intended an otherwise insured passenger to lose coverage when an unauthorized driver takes the wheel." *Id.* at 307 (quoting *Schmidt*, 339 S.C. at 368). According to the supreme court, such a construction "would relieve the carrier of responsibility when a named insured is the victim of a carjacking," a result the court found "plainly absurd" and contrary to legislative intent. *Schmidt*, 339 S.C. at 368.

As the South Carolina Supreme Court noted in *Schmidt*, other jurisdictions have reached the same conclusion. *Schmidt*, 339 S.C. at 368, n.2 (listing cases from other courts allowing an insured to recover under a vehicle's uninsured motorist policy when the driver's use of the vehicle was not permissive and, therefore, not covered under the policy's liability provisions). Three of the cases mentioned in *Schmidt* involve an insured injured while trying to stop a thief from stealing his or her car. *See State Farm Mut. Auto. Ins. Co. v. Nissen*, 851 P.2d 165 (Colo. 1993) (insured allowed to recover from insurer for injuries from jumping on the hood of her car to stop a thief); *Guiberson v. Hartford Cas. Ins. Co.*, 217 Mont. 279 (1985) (insured allow to recover from insurer for injuries sustained from jumping into the bed of employer's truck to stop theft); *Comet Cas. Co. v. Jackson*, 125 Ill. App. 3d 921 (1984) (man struck by own car while trying to stop theft allowed to recover uninsured motorist payments).[2] In this case, the court finds *Nissen* particularly helpful.

In *Nissen*, the Supreme Court of Colorado allowed an insured to recover under her policy's uninsured motorist provision for injuries suffered when she jumped onto the hood of her car in an attempt to thwart a thief. 851 P.2d at 166. Much like South Carolina's, Colorado's uninsured motorist statute is meant to "compensate innocent insureds for loss caused by financially irresponsible motorists." *Id.* at 168. Based on that statement of legislative intent, the

---

[2] This court also notes two cases from New Jersey with similar holdings: *Grabowski v. Lib. Mut. Ins. Co.*, 345 N.J. Super. 241 (2001); *Longo v. Market Transition Facility of N.J.*, 326 N.J. Super. 316 (1999).

court noted that because Nissen purchased uninsured motorist coverage and was injured by an uninsured motorist, she fell into the class of persons the statute protects, and denying her coverage would make her insurance policy illusory. *Id.*

The primary difference between *Enos* and the South Carolina Supreme Court's reasoning in *Schmidt* and the result in *Nissen* appears to lie in the culpability of the insured and John Doe. In *Enos*, the insured passed out in her passenger seat after a night of bar-hopping. The court did not have any information on the unknown driver's actions, including how he got in the car, how he turned it on, and how the accident occurred. In that situation, the weight of reason tips the scale in favor of requiring strict compliance with the John Doe Statute in order to eliminate some risk of a fraudulent claim. However, in the carjacking scenario mentioned by the court in *Schmidt* and under the facts of *Nissen*, the balance tips in favor of protecting an innocent insured against a culpable John Doe; the remedial nature of the uninsured motorist statutes outweighs the John Doe Statute's fraud protection.[3]

While this court makes no judgment as to the merits of the case before it, it agrees with the South Carolina Supreme Court's reasoning in *Schmidt*, and the reasoning of other courts across the nation that allow innocent insureds to recover from their insurers under uninsured motorist provisions for injuries caused by an uninsured person stealing the insured's car.

On the facts alleged in the complaint, Morris is an innocent insured injured by an unauthorized uninsured attempting to steal her car. The plain language of the insurance policy she signed purports to cover these injuries. That policy does not contravene South Carolina's John Doe Statute, and, in fact, appears to further the legislative intent behind it and this state's other uninsured motorist laws.

---

[3] Although Electric relies heavily on *Collins v. Doe*, 352 S.C. 462 (2002), because *Collins* involved an accident allegedly caused by another vehicle, and not involving any physical contact, the court does not find it instructive in this case. The same logic distinguishes *Shealy v. Doe*, 370 S.C. 194 (Ct. App. 2006).

### III. Conclusion

Therefore, the court denies Electric's motion to dismiss (Dkt. No. 15).

**IT IS SO ORDERED**.

s/ Timothy M. Cain
Timothy M. Cain
United States District Court Judge

Anderson, South Carolina
February 11, 2013